Dear Mayor Smith:
This office is in receipt of your request for an opinion regarding the legality of the Town of Arcadia's acquisition of 2.17 acres of the Arcadia Cemetery.
According to your letter the Town of Arcadia had mowed this section of the cemetery for quite some time, but all maintenance ceased in 2003 when the Town was cited by the Legislative Auditor's Office for misuse of public funds used for the mowing of three cemeteries within Arcadia, including this one. You further advise that the Arcadia Town Council would like to acquire this parcel of the Arcadia Cemetery so that the Town may maintain it.
Specifically, you seek the opinion of this office as follows:
 "Can the Town of Arcadia legally acquire this piece of property which has no monetary value and which will be a financial expense to the Town henceforth and forever?"
Please be advised that in the opinion of this office, the Town of Arcadia can legally acquire cemetery property located within the Town, and undertake the financial responsibility for the mowing and maintenance of same if the Town determines that acquiring and maintaining the cemetery property is in the public's best interest.
In this regard, we refer you to Opinion 04-023 addressed to you on October 11, 2004, which pertains to the legality of the Town of Arcadia's mowing of privately owned cemeteries, including the portion of the Arcadia Cemetery which is the subject of this request. Therein, we opined that the Town of Arcadia was prohibited from using public funds for the mowing of privately owned cemeteries; however, the opinion also determined that the Town of Arcadia could maintain cemeteries to which the public held title and which were under the control and management of the Town. Specifically, that opinion states:
 "it is our opinion that LSA-R.S. 8:101, et seq., specifically at LSA-R.S. 8:104 authorizes the Town of Arcadia to maintain "any cemetery title to which is in the public and under the control and management" of the Town. In this regard, we also direct your attention to the definition of "municipal cemetery" contained in LSA-R.S. 8:1(31).
 If it is determined that a particular cemetery located within the Town is not a municipal cemetery and is not being privately maintained, and that the Town and public's best interests would be served by the Town's maintenance of such cemetery property, the Town may wish to consider expropriation of the cemetery property, in accordance with the provisions of LSA-R.S. 8:108 and 112. Expropriation pursuant to these provisions of law would, in our opinion, provide the Town with the ability to maintain and continue mowing such cemetery property."
Perhaps our reference to expropriation, in the absence of references to other potential methods of acquisition of the cemetery property caused Opinion No. 04-0243 to be somewhat unclear. Essentially, it is our opinion that if the Town has determined that public's best interest is served thereby, and the Town of Arcadia has acquired or acquires the cemetery property in question by expropriation, acquisitive prescription, purchase or otherwise, the Town can legally mow and maintain the cemetery property.
Please note that this office is not in a position to determine whether the acquisition is or is not in the public's best interest. Such a determination must be made by the Town's elected officials, presumably the Town Council, after proper consideration of the issues involved.
Please also note that although the documents included with your letter indicate that the Town Council has attempted to assert ownership of the property, we cannot advise you or the Town with respect to whether or not the public currently has title to the property. As stated in a footnote contained in Opinion 04-0243, " it is beyond the purview of this office to review or verify title documents, to determine or verify the ownership of property, or to determine or verify whether the cemetery property has been dedicated to the public or the Town."
We trust the foregoing adequately addresses the issues presented in your request.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam